UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LAFAYETTE DEMETRIUS BOYLE,

    Petitioner,

-vs-                                    Case No.   5:05-cv-136-Oc-10GRJ
                                                            5:02-cr-36-Oc-10GRJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **O R D E R**

This case is before the Court for consideration of the following motions filed by the *pro se* Defendant/Petitioner: (1) "Motion to Re-Open via Federal Rule of Civil Procedure 60(b)(4)(6) . . . For the Sole Purpose to Vacate the Order Dismissing Petitioner's Court Granted Equitable Tolled 28 U.S.C. § 2255 As Untimely," (Doc. 25); and (2) "Motion by Defendant For a 'Status Report/Hearing . . . . On Pending Rule 60(b)(4)(6)." (Doc. 26).

In October 2002, a jury found the Defendant/Petitioner guilty of conspiracy to distribute 50 grams or more of cocaine, distributing cocaine, possessing and aiding and abetting the possession of five grams or more of cocaine with intent to distribute, and possessing and aiding and abetting the possession of cocaine with intent to distribute. See Case No. 5:02-cr-36-10GRJ, Doc. 63. The Court sentenced the Defendant/Petitioner on January 23, 2003 to a term of life imprisonment on the conspiracy offense and a concurrent term of 30 years' imprisonment for the remaining offenses. See Case No. 5:02-cr-36-10GRJ, Doc. 88.

On March 6, 2005, the *pro se* Defendant/Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, (Docs. 1, 5), asserting that: (1) the Court lacked subject matter jurisdiction to convict and sentence him for the conspiracy offense because the indictment had not alleged any co-conspirators for the offense; (2) the Court lacked subject matter jurisdiction to convict and sentence him for the substantive drug offenses in light of Apprendi v. New Jersey, 530 U.S. 477 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), because the indictment had not alleged the drug quantity; (3) his trial appellate counsel was ineffective in failing to timely raise claims based on Apprendi, Blakely, and United States v. Booker, 125 S.Ct. 738 (2005), in failing to object to the jury instructions regarding drug quantity, in failing to object to the defect in the indictment regarding drug quantity, and in failing to object to the prosecutor's misconduct in prosecuting him for offenses he had not committed and in seeking a sentence enhancement based upon unconstitutional and/or racial grounds; and (4) that Apprendi and its progeny, through Booker, applied retroactively to his case.

On October 14, 2005, the Court denied the Defendant/Petitioner's motion for relief under § 2255 as untimely. (Doc. 12). On November 3, 2005, the Defendant/Petitioner filed a "Request for Reinstatement of his § 2255 Motion and the Unique Circumstances Doctrine, for the Court's Erroneous Ruling of Untimeliness," (Doc. 14), which the Court construed as a motion for reconsideration. In that motion, the Defendant/Petitioner mistakenly argued that his § 2255 motion was filed within the AEDPA's one-year limitations period, and that the "mailbox rule" of Federal Rule of Civil Procedure 6(a) applied to his

motion. The Court denied the Defendant/Petitioner's motion on January 17, 2006, (Doc. 15), and denied his request for a certificate of appealability on May 2, 2006. (Doc. 21).

Ten months later, the Defendant/Petitioner filed the present "Motion to Reopen," which the Court has construed as yet another motion for reconsideration, as well as a motion requesting relief from judgment. For the first time, the Defendant/Petitioner now contends that his late-filed § 2255 Motion should be treated as timely-filed under the doctrine of equitable tolling due to extraordinary circumstances beyond his control. More specifically, the Defendant/Petitioner contends that he was unable to file on time because he was "locked down at the prison prevented [sic] his access to his legal materials held in a room not accessible while locked down." See Doc. 25, p. 2.

"Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandivik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). However, "equitable tolling applies only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The Eleventh Circuit has previously held that periods of lockdown, or even periods where a movant's legal papers are misplaced by the prison, are not "extraordinary circumstances" for which equitable tolling is appropriate, unless a petitioner establishes that the period of lockdown was an "unconstitutional impediment" to the filing of his § 2255 motion. See, Dodd v. United States, 365 F.3d 1273 (11th Cir. 2004); Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). The Defendant/Petitioner has made no such showing here. He has not provided any evidence

3

concerning the duration of the lockdown period, how it prevented him from filing his § 2255, or whether the lockdown was inappropriate or unconstitutional. See Akins, 204 F.3d at 1090-91. Accordingly, the Court finds that equitable tolling does not apply in this case.

Even if the Defendant/Petitioner were somehow able to establish equitable tolling based on his unspecified lockdown period, his request for reconsideration would be denied on substantive grounds. As the United States correctly stated in its motion to dismiss, (Doc. 11), Apprendi and its progeny, including Blakely and Booker, do not apply retroactively in collateral proceedings. Varela v. United States, 400 F. 3d 864, 867-68 (11th Cir. 2005); In re Anderson, 396 F.3d 1336, 1340 (11th Cir. 2005); In re Joshua, 224 F.3d 1281, 1286 (11th Cir. 2000).

Accordingly, upon due consideration, the *pro se* Defendant/Petitioner's "Motion to Re-Open via Federal Rule of Civil Procedure 60(b)(4)(6) . . . For the Sole Purpose to Vacate the Order Dismissing Petitioner's Court Granted Equitable Tolled 28 U.S.C. § 2255 As Untimely," (Doc. 25), is DENIED. The *pro se* Defendant/Petitioner's "Motion by Defendant For a 'Status Report/Hearing . . . . On Pending Rule 60(b)(4)(6)," (Doc. 26), is DENIED AS MOOT.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 6th day of August, 2007.

                                                             UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
               Lafayette Demetrius Boyle, *pro se*